WARREN METLITZKY (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: wmetlitzky@conmetkane.com

BETH A. STEWART (*pro hac vice*)
DAVID RANDALL J. RISKIN (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel:   (202) 434-5000
Fax:   (202) 434-5029
Email:  bstewart@wc.com
Email:  driskin@wc.com

*Attorneys for Lyft, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIBETH STENCEL,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. 3:24-cv-01535-MMC<br><br>**REPLY IN SUPPORT OF LYFT, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(1) & (6), 9(b)]<br><br>Complaint Amended:   June 21, 2024<br><br>Date:   September 13, 2024<br>Time:   9:00 AM<br>Place:   San Francisco Courthouse<br>           Courtroom 7, 19th Floor<br>Judge:   Hon. Maxine M. Chesney |

**TABLE OF CONTENTS**

I. THE HEIGHTENED-DUTY THEORIES FAIL ....................................................... 1

II. THE REMAINING VICARIOUS-LIABILITY THEORIES FAIL ........................... 2

III. THE NEGLIGENT HIRING, RETENTION, AND SUPERVISION CLAIM
FAILS ................................................................................................................... 6

CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Chamberlain v. Neumann*, 2019 WL 2716961 (D. Ariz. June 28, 2019). ............................................ 3

Dismissal Opinion, *Means v. Lyft, Inc.*,
    No. 3:24-cv-177-MMC (N.D. Cal. June 13, 2024) [ECF 46].............................................. 1, 2

Dismissal Opinion, *Spano v. Lyft, Inc.*,
    No. 3:24-cv-799-MMC (N.D. Cal. July 30, 2024) [ECF 45] ............................................... 1, 2

*In re Entz-White Lumber & Supply, Inc.*, 850 F.2d 1338 (9th Cir. 1988) ........................................... 5

*Morton v. De Oliveira*, 984 F.2d 289 (9th Cir. 1993).......................................................................... 6

**STATE CASES**

*Arizona Department of Administration v. Schallock*, 941 P.2d 1275 (Ariz. 1997) ............................ 3

*Doe v. Roman Catholic Church of the Diocese of Phoenix*, 533 P.3d 214 (Ariz. Ct. App. 2023) .. 2, 3

*Fadely v. Encompass Health Valley of the Sun Rehabilitation Hospital*,
    515 P.3d 701 (Ariz. Ct. App. 2022) ...................................................................................... 4

*Ft. Lowell-NSS Limited Partnership v. Kelly*, 800 P.2d 962 (Ariz. 1990)...................................... 5, 6

*Higginbotham v. AN Motors of Scottsdale*, 269 P.3d 726 (Ariz. Ct. App. 2012)................................ 3

*Nunez v. Professional Transit Management of Tucson, Inc.*, 271 P.3d 1104 (Ariz. 2012) ................. 2

*Phoenix West Holding Corp. v. Gleeson*, 500 P.2d 320 (Ariz. Ct. App. 1972)................................... 5

*Simon v. Safeway, Inc.*, 173 P.3d 1031 (Ariz. Ct. App. 2007)............................................................. 5

*Smith v. American Express Travel Related Services Co.*, 876 P.2d 1166 (Ariz. Ct. App. 1994).... 2, 3

*Ruesga v. Kindred Nursing Centers, LLC*, 161 P.3d 1253 (Ariz. Ct. App. 2007).............................. 4

**STATUTES & RULES**

California Public Utilities Code § 5354................................................................................................ 1

**OTHER AUTHORITIES**

Restatement (Second) of Agency § 267 (Am. Law Inst. 1958)............................................................ 4

Restatement (Second) of Torts § 314A (Am. Law Inst. 1965)............................................................. 6

Restatement (Third) of Agency § 7.08 (Am. Law Inst. 2006)......................................................... 3, 4

Restatement (Third) of Torts: Physical & Emotional Harm § 40 (Am. Law Inst. 2012) ................... 6

Much of Lyft's motion goes unchallenged in Plaintiff's opposition. The opposition:

- Concedes Lyft is not subject to any heightened tort duties (Opp. 5), although Plaintiff wars with the implications of this admission.
- Abandons the misrepresentation, contract, and unfair-competition claims. (Opp. 1.)
- Does not dispute California Public Utilities Code § 5354 is not a basis for vicarious liability.

Remaining at issue are Plaintiff's (i) common-carrier cause of action; (ii) primary vicarious-liability theories; and (iii) claim for negligent hiring, retention, and supervision. All are meritless.

*First*, because heightened tort duties are the predicate for Plaintiff's common-carrier claim, Plaintiff's admission she is not subject to such duties disposes of it. Although she says the claim is an independent tort, she cites nothing in support and the assertion is inconsistent with Arizona law.

*Second*, Arizona law precludes Plaintiff's remaining vicarious-liability theories. As the Court has found twice, the state where an alleged incident occurred supplies the law of decision for vicarious-liability (and other) claims. *Spano v. Lyft, Inc.*, No. 3:24-cv-799-MMC (N.D. Cal. July 30, 2024) [ECF 45], at 7–8, 13; *Means v. Lyft, Inc.*, No. 3:24-cv-177-MMC (N.D. Cal. June 13, 2024) [ECF 46], at 8–10, 14. Plaintiff does not cite, let alone address, these holdings in arguing California law governs. (This silence alone is dispositive—and telling.) On the merits, vicarious liability is unavailable, including because the underlying alleged assault is outside the scope of employment and Plaintiff's allegations are inconsistent with her assertions of apparent agency and ratification.

*Third*, Plaintiff does not address Lyft's arguments for dismissing the negligent hiring, retention, and supervision claim, failing to dispute either that the cause of action requires a showing Lyft knew or should have known a reason the driver was likely to cause the alleged harm, or that she did not plead a "red flag." The opposition instead makes the irrelevant point that negligent hiring and *respondeat superior* are different theories of liability. This is not in dispute.

The Court should grant Lyft's motion in full.

## I.    THE HEIGHTENED-DUTY THEORIES FAIL

Plaintiff concedes Arizona courts have "rejected the heightened standard for common carriers," instead holding them to "the ordinary negligence standard of reasonable care." (Opp. 5.)

1  This admission disposes of the allegation that Lyft is subject to heightened duties (Am. Compl.
2  ¶¶ 151(l), 153(o) & (p), 225), a point she does not contest. It also disposes of her common-carrier
3  claim, which rests on a heightened-duty theory. (Am. Compl. ¶ 194 ("As a common carrier, Lyft
4  owes its passengers a heightened duty of care.").)

5      Plaintiff nevertheless says the Court should retain her common-carrier cause of action
6  because it "remains an independent tort." (Opp. 5.) She provides no support for this proposition,
7  and there is no independent common-carrier tort claim in Arizona—the claim is negligence. *See*
8  *Nunez v. Pro. Transit Mgmt. of Tucson, Inc.*, 271 P.3d 1104, 1108–09 (Ariz. 2012) (rejecting
9  heightened-duty instruction for common carrier on negligence claim). Plaintiff also argues the
10 effects of California common-carrier law (Opp. 5–6), but Arizona law applies—as the Court already
11 has found. (*Means* Dismissal 8–10; *Spano* Dismissal 7–8; *see also* Br. 4–5.)[1]

12 **II.   THE REMAINING VICARIOUS-LIABILITY THEORIES FAIL**

13     Plaintiff's unabandoned vicarious-liability theories—(i) *respondeat superior*, (ii) apparent
14 agency, (iii) ratification, and (iv) non-delegable duties—are meritless under governing Arizona law.

15     Plaintiff says "[t]here is an actual conflict between California and Arizona law" at least as to
16 *respondeat superior*, and argues that California law governs. (Opp. 9–12.) *Déjà vu* all over again—
17 but (again) without addressing the Court's two decisions rejecting this argument. (*Means* Dismissal
18 8–10, 14; *Spano* Dismissal 7–8, 13.) Arizona law supplies the rules of decision. (Her many
19 arguments under California vicarious-liability law therefore are irrelevant.)

20     **A.   There is no respondeat superior *liability*.** Plaintiff does not dispute that "Arizona
21 courts have found that sexual misconduct generally is 'not within the scope of employment' and thus
22 not a basis for *respondeat superior* liability." (Br. 7 (quoting *Smith v. Am. Express Travel Related*
23 *Servs. Co.*, 876 P.2d 1166, 1171 (Ariz. Ct. App. 1994))); *accord Doe v. Roman Cath. Church of the*
24 *Diocese of Phx.*, 533 P.3d 214, 223 (Ariz. Ct. App. 2023) (Br. 7). She does not address *Smith*, and
25 she cites *Doe v. Roman Catholic Church* (Opp. 9) without acknowledging it found sexual assault of
26 a non-employee (there a priest on a child) outside the scope of employment as a matter of law. *Doe*

---

[1] Plaintiff asserts that "Lyft does not challenge … it is a common carrier under California law" and it "has waived any … arguments" about "whether California law imposes a nondelegable duty on common carriers." (Opp. 5.) That is wrong (Br. 6 n.3), and California law does not apply.

*v. Roman Cath. Church*, 533 P.3d at 222–24. Plaintiff offers no Arizona authority to the contrary.

Plaintiff, to be sure, says there "is no bright-line rule that intentional misconduct (even of a sexual nature) <u>must</u> be outside the course and scope of employment" (Opp. 9), pointing to *Arizona Department of Administration v. Schallock*, 941 P.2d 1275, 1284 (Ariz. 1997). As Lyft explained (Br. 7–8), *Schallock* is inapposite because it "is narrowly applicable to cases involving longstanding abuse and harassment in the workplace by a manager with authority to hire and fire, promote and demote, and instruct and control subordinates the manager victimized." *Doe v. Roman Cath. Church*, 533 P.3d at 223–24 (quotations and alteration omitted). Those, of course, are not the circumstances alleged here, and Plaintiff does not grapple with *Schallock*'s limits. She, in fact, tacitly concedes the *Schallock* line of cases does not control in this matter when she says "[t]here is an actual conflict between California and Arizona law" on *respondeat superior*. (Opp. 9.) The Court already found California authority does not require dismissal of a *respondeat superior* theory arising from sexual assault. The admitted "actual conflict" only can arise if *Schallock* does not control, but *Smith*, *Doe v. Roman Catholic Church*, and their progeny do—and require dismissal.

Trying another tact, Plaintiff argues that *respondeat superior* is available because "the opportunity for committing a sexual assault was incidental" to the driver's role. (Opp. 9.) This fails in the face of *Smith*, which held that sexual battery, if proven, was "committed solely to further [the driver's] own personal interests." 876 P.2d at 1171. (Although *Schallock* spoke of incidental-to-employment as one reason *respondeat superior* was permitted there, 941 P.2d at 1284, this goes nowhere as *Schallock* does not apply given the allegations, including because Plaintiff is not an employee and the driver was not her manager.) Finally, Plaintiff falls back on the argument that scope of employment generally is a question of fact. (Opp. 9 (citing *Higginbotham v. AN Motors of Scottsdale*, 269 P.3d 726, 728 (Ariz. Ct. App. 2012)).) Arizona courts resolve it as a matter of law where, as here, the underlying alleged tort is sexual assault not arising from longstanding abuse by a manager in the workplace. *See Doe v. Roman Cath. Church*, 533 P.3d at 222–24; *Smith*, 876 P.2d at 1171; *Chamberlain v. Neumann*, 2019 WL 2716961, at *2–3 (D. Ariz. June 28, 2019).

**B.    There is no vicarious liability based on apparent agency.** Plaintiff does not dispute "there must be 'a close link between an agent's tortious conduct and the agent's apparent authority.'"

(Br. 9 (quoting Restatement (Third) Agency § 7.08 cmt. b).) Nor does she contend she has pleaded a "close link"—and she has not. This requires dismissal. Plaintiff also does not contest that apparent agency "'rarely'" is available where the underlying conduct is an "'intentional physical tort,'" and that rare circumstance cannot exist here because "[i]t is hard to see how a plaintiff ever could believe a principal authorized an agent to commit sexual battery" (Br. 9 (quoting Restatement (Third) Agency § 7.08 reporter's n.b)), or that she has not alleged that belief here. Apparent agency fails, then, for multiple reasons.

Plaintiff offers the general proposition that because "Lyft represented" that drivers on its platform were "its agents" and some of those drivers committed criminal acts while on the platform, "Lyft is estopped from maintaining now that passenger safety was solely the responsibility of the drivers." (Opp. 12 (citing Am. Compl. ¶ 247).)[2] That is not the reason Plaintiff's apparent-agency theory fails. It fails because it requires a plaintiff to establish specific elements, which Plaintiff has not done. (Nor could she, given that sexual assault is outside the scope of employment except in narrow circumstances not present here.) The resulting blanket rule Plaintiff appears to offers— merely alleging "apparent agency" means the principal is liable for the apparent agent's every act— is wrong, as the Restatement details. *See* Restatement (Third) of Agency § 7.08 cmt. b & reporter's n.b; Restatement (Second) of Agency § 267 cmt. b. She then falls back on the argument that "whether an agency existed" is a fact question. (Opp. 13 (quotation omitted).) Her own authority, however, says it is a question of law where there are no disputed facts, *Ruesga v. Kindred Nursing Centers, LLC*, 161 P.3d 1253, 1259 (Ariz. Ct. App. 2007) (Opp. 13), which is the case here given her failure to plead *any* required element under Arizona law—a close link between conduct and agency, and a reasonable belief Lyft authorized the driver to commit sexual assault.[3]

**C.     *There is no vicarious liability based on ratification.*** Plaintiff does not contest that for ratification under Arizona law, she must "show that, by its actions, Lyft approved the specific

---

[2] Paragraph 247 alleges "consumers download the Lyft App from … the Apple Store," and Lyft's applications and server "infrastructure … work together to facilitate the exchange of data." In other words, it has nothing to do with apparent agency.

[3] *Fadely v. Encompass Health Valley of the Sun Rehabilitation Hospital*, 515 P.3d 701 (Ariz. Ct. App. 2022) (Opp. 13), Plaintiff's other apparent-agency case, does not aid Plaintiff. It reversed an apparent-agency finding, *id.* at 705, and in all events Plaintiff offers it only for a rule statement.

1  misconduct of the driver alleged here." (Br. 9.)  And she has no response to the fact her allegations
2  *contradict* ratification, as she pleaded that Lyft "expressly *disapproved* the unauthorized act alleged"
3  by detailing that Lyft suspended the driver once Plaintiff reported the alleged incident.  (Br. 9
4  (discussing Am. Compl. ¶ 140).)  On this basis alone, the Court can dismiss ratification.  (It also
5  answers Plaintiff's third invocation of a fact-question defense.  (Opp. 15 (stating "that whether the
6  defendant's conduct constitutes ratification is generally … a fact question").))

7  Although Plaintiff says "'ratification can occur by acceptance of the benefits of an allegedly
8  unauthorized act'" (Opp. 14–15 (quoting *Phx. W. Holding Corp. v. Gleeson*, 500 P.2d 320, 326
9  (Ariz. Ct. App. 1972))), her allegations establish Lyft did not accept any benefits from the driver's
10 alleged misconduct here.  Moreover, she admits any acceptance must occur with "'knowledge of
11 material facts'" (Opp. 15 (quoting *Phx. W. Holding*, 500 P.2d at 326)); *accord In re Entz-White
12 Lumber & Supply, Inc.*, 850 F.2d 1338, 1344 (9th Cir. 1988) ("ratification requires that a principal
13 have full and actual knowledge of all material facts at the time he, by subsequent act or conduct,
14 binds himself to a previously unauthorized act of an agent"; applying Arizona law) (Br. 10), which
15 she does not plead.  Plaintiff retreats to general allegations about "how Lyft reacted to sexual
16 assaults" broadly.  (Opp. 14.)  This is insufficient under governing Arizona law; ratification must be
17 tied to the facts and circumstances of a specific alleged incident.  (Br. 9–10.)

18 **D. *There is no vicarious liability based on non-delegable duties.*** Plaintiff suggests that
19 non-delegable duties save her vicarious-liability theories.  (Opp. 6–8.)  Not so.  She does not dispute
20 that under Arizona law non-delegable duties only arise where a defendant "is under a higher duty to
21 some class of persons." *Ft. Lowell-NSS Ltd. P'Ship v. Kelly*, 800 P.2d 962, 967 (Ariz. 1990) (Br. 8).
22 And, as detailed, she concedes Lyft is not under any such duty.  That should be the end of the matter.

23 Plaintiff, to be sure, argues there is a "nondelegable duty exception" under *Simon v. Safeway,
24 Inc.*, 173 P.3d 1031 (Ariz. Ct. App. 2007), that dictates Lyft has vicarious responsibility to "keep[]
25 passengers safe." (Opp. 7.) *Simon* does not help, as it "implicated" the "duties of business owners
26 to their invitees," which are one among the "special situations in which the law prescribes a duty
27 requiring *a higher degree of care*." 173 P.3d at 1039 (quotation omitted) (emphasis added).  In other
28 words, it involved a defendant that owed a heightened duty to the plaintiff; Lyft does not under

Arizona law. Plaintiff also says common carriers are "liable for [drivers'] attacks on … passengers." (Opp. 7–8 (citing Restatement (Second) of Torts § 314A and Restatement (Third) of Torts: Physical and Emotional Harm § 40).) Sections 314A and 40 discuss a common carrier's alleged direct liability; in Arizona, non-delegable duties are vicarious. *Ft. Lowell*, 800 P.2d at 967, 970 & n.3.[4]

### III.   THE NEGLIGENT HIRING, RETENTION, AND SUPERVISION CLAIM FAILS

Plaintiff does not dispute (and, in fact, recognizes) that a negligent hiring, retention, and supervision claim "requires a showing that Lyft knew or should have known a reason the driver *himself* was likely to cause the specific type of harm alleged." (Br. 11; *accord* Opp. 16.) Nor does she dispute she failed to plead this necessary "red flag." (Br. 11–12.) Dismissal is warranted. Her page-long negligent-hiring section argues the claim "can succeed even though a claim for *respondeat superior* would fail." (Opp. 16.) But this is beside the point (and not in dispute to boot).

### CONCLUSION

The Court should dismiss Plaintiff's claims and theories alleging negligent hiring, retention, and supervision; vicarious liability; and heightened tort duties—as well as the relinquished claims for misrepresentation, breach of contract, and unfair competition.

---

[4] *Morton v. De Oliveira*, 984 F.2d 289 (9th Cir. 1993) (Opp. 7–8), arose under admiralty law, and thus it has no purchase in defining the scope of non-delegable duties under Arizona law.

| | |
|---|---|
| Dated: August 23, 2024 | Respectfully submitted, |
| | By: */s/ Warren Metlitzky* |
| | Warren Metlitzky (CA Bar No. 220758)<br>CONRAD | METLITZKY | KANE LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>Tel:   (415) 343-7100<br>Fax:   (415) 343-7101<br>Email: wmetlitzky@conmetkane.com |
| | Beth A. Stewart (*pro hac vice*)<br>David Randall J. Riskin (*pro hac vice*)<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Ave., S.W.<br>Washington, DC 20024<br>Tel:   (202) 434-5000<br>Fax:   (202) 434-5029<br>Email: bstewart@wc.com<br>Email: driskin@wc.com |
| | *Attorneys for Lyft, Inc.* |