WARREN METLITZKY (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: wmetlitzky@conmetkane.com


BETH A. STEWART (*pro hac vice*)
DAVID RANDALL J. RISKIN (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel:   (202) 434-5000
Fax:   (202) 434-5029
Email: bstewart@wc.com
Email: driskin@wc.com

*Attorneys for Lyft, Inc.*

(counsel continued below)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TABATHA MEANS,<br><br>    Plaintiff,<br><br>    v.<br><br>LYFT, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>    Defendants. | Case No. 3:24-cv-00177-MMC (lead case)<br><br>[**PROPOSED**] STIPULATED PROTECTIVE ORDER |

| | |
|---|---|
| LAURIE SPANO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYFT, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 3:24-cv-00799-MMC (related case) |
| KYARRA HUDSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYFT, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 3:24-cv-01519-MMC (related case) |
| MARIBETH STENCEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LYFT, INC., A DELAWARE CORPORATION; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>　　　　Defendants. | Case No. 3:24-cv-01535-MMC (related case) |

| | |
|---|---|
| 1 | RACHEL ABRAMS (Cal Bar No. 209316) |
| | ADAM B. WOLF (Cal Bar No. 215914) |
| 2 | SARA CRAIG (Cal. Bar No. 301290) |
| | PEIFFER WOLF CARR KANE CONWAY & WISE, LLP |
| 3 | 555 Montgomery Street, Suite 820 |
| | San Francisco, CA 94111 |
| 4 | Telephone: 415.766.3544 |
| | Facsimile: 415.840.9435 |
| 5 | Email: rabrams@peifferwolf.com |
| | Email: awolf@peifferwolf.com |
| 6 | Email: scraig@peifferwolf.com |

*Counsel for Plaintiffs*

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Action may be warranted. Accordingly, the parties hereby stipulate to and ask the court to enter the following Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.4, below, that this Protective Order does not entitle them to file "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      **DEFINITIONS**

2.1     Action: *Tabatha Means v. Lyft, Inc*., No. 3:24-cv-00177 (lead case), and all cases that have been, or later are, related to the lead case.

2.2     Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3     "CONFIDENTIAL" Information or Items:  Any Discovery Material that the Producing Party believes in good faith contains, describes, discloses, or reflects information that is not known to the general public, including but not limited to, (i) court records currently maintained under seal; (ii) information subject to a non-disclosure or confidentiality agreement; (iii) proprietary business information or other confidential research, design, development, financial, business or commercial information, plans, or projections; (iv) information regarding or relating to a Party's insurance program; (v) personnel information; (iv) personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit; (vii) personal information or any identifying information of any Non-Party; (viii) executive committee selection; and (ix) any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

2.4 <u>Counsel</u>: (i) Attorneys who have been retained on behalf of a Party to this Action; (ii) attorneys who are employees of a Party to this Action; and/or (iii) attorneys representing an insurer or indemnitor of any Defendant. The term Counsel also includes any paralegals, investigators, administrative assistants, and clerical or administrative personnel employed or contracted by such attorneys provided that such employees or contractors are acting under the director or supervision of Counsel in connection with this Action.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "CONFIDENTIAL" information or items as defined in Section 2.3 that the Designating Party believes in good faith reflects highly-sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious financial or other harm to the Designating Party. By way of example and not limitation, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items include: transactional sales data; technical, sales, product and design research or analysis; research or analysis pertaining to riders or drivers on Lyft's platform; sales information related to specific customers or classes of customers; financial, marketing, or strategic business planning information; trade secrets; pricing information; incident reports and documents, communications, and testimony reflecting information in such

incident reports; information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; and communications that constitute, incorporate, summarize, or reference any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items. In designating Discovery Material as Highly Confidential – Attorneys' Eyes Only, the Producing or Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court.

2.9  Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10  Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel.

2.11  Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12  Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.14  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Protective Order, however, do not cover the following information: (i) any information that is in the

public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.  Nothing in this Protective Order shall modify or abrogate the rights or responsibilities of the Parties under HIPAA or any other existing privacy statute or obligation.

This Protective Order shall be binding upon the Parties to this action; their attorneys; and the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.  The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purpose of any proceeding brought by a Party to this Action to enforce this Protective Order.

In the event that additional parties join or are joined in this Action, they shall not have access to the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order unless and until they have executed and, at the request of any Party, filed with the Court, their agreement to be bound by Protective Order in the form of their signing the Acknowledgment and Agreement to Be Bound (Exhibit A).[1]

**4.     DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after final disposition of this Action and until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action,

---

[1] If additional non-natural persons are later added as parties to this action and this Protective Order is insufficient to address a party's needs for protection, the party may seek a modification of this Protective Order at that time.

including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must endeavor to designate for protection only those materials, documents, items, or oral or written communications that qualify—so that, if practicable, other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If only a limited and clearly delineated part of the materials, documents, items, or oral or written communications qualify for protection, the Designating Party shall, to the extent practicable, make all reasonable efforts to designate for protection only those parts that qualify.

Mass, indiscriminate, or routinized designations are prohibited, although the designation of substantially all of a Party's production of documents as Protected Material, if otherwise appropriate under this Protective Order, will not render such designations improper. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, just as disclosure of Protected Material in violation of this Protective Order would do. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

5

affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number or by another other reasonable method for appropriately designating the document, including by making such designations in reasonably accessible metadata associated with the document.  If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

       A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number, or by another other reasonable method for appropriately designating the document, including by making such designations in reasonably accessible metadata associated with the document.  If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party designate within 30 days after receipt of a final transcript, all protected testimony and specify the level of protection being asserted by giving written notice to the court reporter and all

Parties.  All rough or final Testimony transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" until 30 days after receipt of the final transcript.  After that period ends, only testimony that has been properly designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provisions of this Protective Order.  Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

Transcripts of testimony containing Protected Material shall have an obvious legend on the title page indicating that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  For paper copies of transcribed deposition testimony, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.  Transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the court reporter. The Designating Party shall inform the court reporter of these requirements.  Any failure of or refusal by the court reporter to comply with these procedures will not invalidate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" designation.  To facilitate this Section 5.2(b), the Parties agree to ask the court-reporting service responsible for a deposition transcript to complete the final transcript as quickly as reasonably practicable.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)     When possible, in order to minimize the likelihood of inadvertent disclosure of information protected by this Protective Order transmitted by electronic means, the Producing Party

7

shall make a good-faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the Protected Material and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that Protected Material is being conveyed. A failure to place the appropriate confidentiality designation in the subject of the electronic mail conveying the information and on the title of the digital document or media through which it is conveyed, or to otherwise notify the Receiving Party of the fact that information protected by this Protective Order is being conveyed, does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. A Designating Party, however, cannot seek sanctions against the Receiving Party if the Receiving Party fails to treat the produced information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until such time as the Designating Party corrects any error or omission as the confidential nature of said information or electronic mail in writing to the Receiving Party, unless the Receiving Party is otherwise on notice that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" through, for example, a confidentiality stamp on the document.

5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If any Producing Party inadvertently produces or discloses Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of this Protective Order and shall forward appropriately stamped copies of the items in question. Within five days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

If any information was disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order prior to notice of the inadvertent failure to designate, the

1  non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to such
2  disclosure of such Protected Materials, to the extent such facts are known or reasonably knowable to
3  the non-Designating Party, to the immediate attention of the Designating Party.

4  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5          6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of
6  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality
7  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,
8  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a
9  confidentiality designation by electing not to mount a challenge promptly after the original designation
10 is disclosed.

11         6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute-resolution process
12 by providing written notice of each designation (by Bates number, if applicable) it is challenging and
13 describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made,
14 the written notice must recite that the challenge to confidentiality is being made in accordance with
15 this specific section of the Protective Order.  The parties shall attempt to resolve each challenge in
16 good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms
17 of communication are not sufficient) within fourteen days of the date of service of notice.  In
18 conferring, the Challenging Party must explain the basis for its belief that the confidentiality
19 designation was not proper and must give the Designating Party an opportunity to review the
20 designated material, to reconsider the circumstances, and, if no change in designation is offered, to
21 explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of
22 the challenge process only if it has engaged in this meet-and-confer process first or establishes that the
23 Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

24         6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court
25 intervention, the Parties shall follow the Court's Standing Order in Civil Cases regarding Discovery
26 and Discovery Motions.  The Parties may file a joint letter brief regarding confidentiality within 21
27 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer
28 process will not resolve their dispute, whichever is earlier.  Failure by a Designating Party to file such

discovery dispute letter within the applicable 21- or 14-day period with the Court as set forth above shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

6.4     Frivolous Challenges.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action, including through mediation, so long as such use is permitted herein.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  This Protective Order does not alter, waive, modify, or abridge the right of any Designating Party to access, disclose, file, or use in any way its own Protected Material at such Designating Party's sole discretion.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     Counsel for the Receiving Party.

(b)     The officers, directors, and employees, including current and former employees of the

Receiving Party to whom disclosure is reasonably necessary for this litigation.

(c) Experts (as defined in this Protective Order) or insurers or indemnitors of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d) The Court and its personnel, and any appellate court in this litigation.

(e) Court reporters, stenographers, or videographers and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(g) During their depositions, potential or actual witnesses and attorneys for such witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or any current employee of the Designating Party.

(i) Special masters or discovery referees appointed by the Court.

(j) Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

(k) Any other person as to whom the Designating Party has consented to disclosure in advance.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to the persons identified in Section 7.2(a), (c)–

(f), and (h)–(k).

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material– and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Protective Order are applicable to information produced in this Action by a Non-Party and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not

to produce the Non-Party's Protected Material, then the Party shall:

  (1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  (2) Promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  (3) Make the information requested available for inspection by the Non-Party.

 (c) If the Non-Party fails to object or seek a protective order from the Court within fourteen days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request.  If the Non-Party timely seeks a protective order or other applicable relief, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

 If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

 11.1. Under Federal Rule of Evidence 502(d), if a Producing Party inadvertently discloses information (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the work-product doctrine, or by another privilege or protection from disclosure, the disclosure shall not constitute a waiver or forfeiture of any privilege or

other protection in this or any other action, provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production.

11.2  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3  This Protective Order does not constitute a concession by any Party that any documents are or are not subject to protection by the attorney-client privilege, the work-product doctrine, or by another privilege or protection from disclosure.  This Protective Order also is not intended to waive or limit in any way any Party's right to contest any privilege or protection claims that may be asserted with respect to any of the documents produced except to the extent stated in this Protective Order.

**12.  <u>MISCELLANEOUS</u>**

12.1  <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest such assertion.

12.3  <u>Right to Additional Protection</u>.  Nothing in this Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Material requires additional protection.  The Parties shall meet and confer regarding the terms of such additional protection.  If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within fourteen days of the parties' meet and confer.

12.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file on the public record in this Action, or any other action, any Protected Material.  A Party that seeks to file any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Under Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record under Civil Local Rule 79-5 unless otherwise instructed by the Court.  While a motion to seal is pending before the Court, no Party shall make use in open court, in public, or in any way inconsistent with the protections in this Protective Order of any Disclosure or Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

**13. FINAL DISPOSITION**

Within 90 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports and work product, attorney work product, and consultant work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO ORDERED,** with the exception of ¶ 6.3, for which is substituted ¶ 6.3 of the Northern District's "Model Stipulated Protective Order (for standard litigation)."

Dated: October 18, 2024

*/s/ Maxine M. Chesney*
HON. MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in this Action. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____